IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Timothy Lavar VanDerHorst, | ) | C/A No. 2:20-2501-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| State of South Carolina; Officer Shaver; Ofc. King; F.T.O. Croy; Sgt. Willis, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Timothy Lavar VanDerHorst, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

### I.     Factual and Procedural Background

Plaintiff is an inmate at the Al Cannon Detention Center in Charleston County. Plaintiff indicates he was arrested and searched on July 28, 2017 by Mount Pleasant police officers Shaver, King, Croy, and Willis. (Compl., ECF No. 1 at 5.) Plaintiff indicates Shaver "called me outside" to tell him (Plaintiff) that he was under arrest. (Id.) Plaintiff claims he walked away but the officers surrounded him and threw him to the ground, injuring his finger. (Id.) Plaintiff claims the officers arrested him "in retaliation for two members of The Hell's Angels" in violation of his First Amendment rights. (Id., ECF No. 1-2 at 2.) Plaintiff also claims that the arrest of two

members of the Hell's Angels caused his uncle's death.  (Id.)  Plaintiff also alleges a Berkeley County Sheriff's Deputy hacked his Google account and started tracking him by GPS.  (Id. at 3.)

Plaintiff also broadly raises issues related to the condition of his confinement.  He claims his detention violates his Fourth Amendment "right to be secure in their persons."  (Id. at 1.)  He also claims his detention violates the Eighth Amendment because he is exposed to COVID-19.  (Id., ECF No. 1 at 7.)

As to his criminal prosecution, Plaintiff claims that he is being denied due process and equal protection of the law because "corrupt political patronage and treason committed by white supremacists acting as public officials" make court proceedings unfair.  (Id., ECF No. 1-2 at 4.)  He also claims his court-appointed lawyer violated his right to counsel by petitioning for a competency evaluation against his will.  (Id.)

Plaintiff indicates that he seeks damages, release from custody, and a new judge and solicitor in his case.  (Id. at 5.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.  See McLean v. United States, 566 F.3d 391 (4th Cir. 2009).

Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured

by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

However, Plaintiff fails to allege facts that would plausibly show that the named defendants violated his constitutional rights.  As to Plaintiff's claims of retaliation, illegal search and seizure, and excessive force in connection with his arrest, Plaintiff fails to provide facts to explain the circumstances around his arrest that would plausibly show his arrest was unlawful.  See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).  For instance, Plaintiff fails to allege any facts suggesting that he engaged in a constitutionally protected activity to state a retaliation claim, see Martin v. Duffy, 858 F.23d 239, 249 (4th Cir. 2017); that the officers lacked probable cause to arrest and search him, see Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); or that the officers' use of force was unreasonable under the circumstances, see Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011).  Consequently, Plaintiff fails to state a claim upon which relief can be granted in connection with this arrest or Defendants Shaver, King, Croy, and Willis.

As to Plaintiff's claims about the conditions of his confinement[1] and criminal prosecution, the court initially notes that it does not appear that any of the named defendants are directly

---

[1] Plaintiff also raises various conditions of confinement claims on behalf of other detainees, and he includes a list of detainees for whom he purports to bring this action.  However, Plaintiff may not file suit on behalf of other prisoners.  See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (holding that a *pro se* prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners").

involved in his ongoing confinement or prosecution. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution). Therefore, Plaintiff fails to state a claim upon which relief can be granted as to these claims because he fails to name a defendant against whom he could seek damages, or against whom the court could issue injunctive relief.

Finally, Plaintiff names the State of South Carolina as a defendant, but Plaintiff fails to clearly indicate what claim he seeks to raise against this defendant or what relief he may seek. See Fed. R. Civ. P. 8; Iqbal, 556 U.S. at 678. To the extent he seeks damages against the State, it is not a "person" amenable to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67-68, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983, and finding Congress did not intend to override the State's sovereign immunity by enacting the statute); see also Hafer v. Melo, 502 U.S. 21, 25-31 (1991); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 482-83 (4th Cir. 2005). To the extent Plaintiff sues the State to prevent his criminal prosecution, the court would be required to abstain from such a suit. See Younger v. Harris, 401 U.S. 37 (1971) (holding that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances). And to the extent Plaintiff seeks release from confinement, Plaintiff would have to file a separate petition for a writ of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure

15(a) that corrects the deficiencies identified above.[2]  If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

    **IT IS SO ORDERED**.

August 6, 2020  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[2] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A.  Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself.  See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).